IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MALCOLM UDE,<br><br>　　　　Defendant. | Case No. CR13-0062<br><br>ORDER FOR PRETRIAL<br>DETENTION |

On the 13th day of September, 2013, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Anthony Morfitt. The Defendant appeared personally and was represented by his attorney, Jill M. Johnston.

## I. RELEVANT FACTS AND PROCEEDINGS

On August 21, 2013, Defendant Malcolm Ude was charged by Indictment (docket number 2) with being a prohibited person in possession of a firearm. At the arraignment on September 10, 2013, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on November 12, 2013.

At the hearing, Cedar Rapids Police Officer John O'Brien testified regarding the circumstances underlying the instant charge.[1] On April 5, 2013, management for the apartment building where Defendant resided, contacted law enforcement and asked for a drug dog to walk through the building because of suspected drug use in the apartments. A K-9 officer and his dog performed the walk-through of the apartment building, and the dog alerted on Defendant's apartment. The officer could smell burnt marijuana outside

---

[1] O'Brien is currently assigned to the FBI Safe Streets Task Force.

Defendant's apartment. He knocked on the door and Defendant answered. Once the door was opened, the officer again smelled burnt marijuana emanating from Defendant's apartment. Defendant denied consent to search the apartment.

Law enforcement sought a search warrant and while the search warrant was being obtained, officers secured the apartment. While securing the apartment, officers saw in plain view a bag of marijuana with a handgun sitting next to the bag. Officers also saw a digital scale in the same room where the bag of drugs and handgun were sitting. Once the search warrant was obtained, law enforcement seized the bag of marijuana and handgun. Officers also found $2600 cash in Defendant's apartment. Defendant was interviewed by law enforcement and admitted the marijuana and handgun belonged to him. He stated that the marijuana was for sale and the handgun was for protection. He also admitted that the $2600 discovered by the officers constituted proceeds from the sale of marijuana. Defendant was not charged at that time.

Following his arrest on the instant federal charge earlier this week, Defendant told law enforcement that his roommate had a large amount of marijuana in their residence. Officers obtained a search warrant for the residence. Defendant admitted having 5 grams of marijuana in his room. Officers found the marijuana and a digital scale in Defendant's room. Officers also found approximately $1000 cash in Defendant's room. In his roommate's bedroom, law enforcement found $5000 cash in a safe. Officers also found 20 grams of marijuana. When Defendant's roommate was interviewed, he claimed the $5000 belonged to Defendant. He also stated that Defendant kept marijuana in the trunk of his vehicle. A search warrant was obtained for Defendant's car. Officers noticed a strong smell of marijuana inside the car, and found a luggage bag with marijuana residue and sandwich baggies in the trunk.

According to the pretrial services report, Defendant is 26 years old. He was born in Abilene, Texas, but lived most of his life in Seattle, Washington. He moved to Cedar

Rapids, Iowa, in 2012. His parents and four of his siblings live in Seattle. He has an additional sibling who lives in Texas, and another sibling who is incarcerated. Defendant is currently single, but was married in the past. He has one child (age 6) from his previous marriage, who lives with her mother in Seattle.

Defendant has been a full-time student at Kirkwood Community College since August 2012. He has not been employed since that time. Prior to being a full-time student, Defendant worked for one month in 2012 at Ruffalo Cody in Cedar Rapids. Defendant also reported working at a furniture store in Seattle for one year. Defendant is in good physical health, and reported no history of mental or emotional health concerns. Defendant told the pretrial services officer that he first used marijuana at age 14, and his usage has been "off and on" since that time. Specifically, Defendant stated that when he uses marijuana it typically occurs on the weekends for recreational purposes. He denied using it on a daily basis. He stated that his last use was in March 2013.[2]

Defendant has an extensive criminal record. As a juvenile, he was convicted of assault and residential burglary. In October 2005, at age 18, Defendant was charged and convicted of possession of marijuana. Between August 31, 2006 and January 29, 2008, Defendant was charged 10 times for driving with a suspended license. He was convicted 4 times and 5 charges were dismissed.

In June 2007, Defendant was charged and later convicted of domestic violence assault. In September 2007, Defendant was charged and convicted of three counts of violating a protective order, fourth degree assault, and harassment.

In March 2008, Defendant was charged with assault, property destruction, and violation of a protection order. In September 2008, Defendant was charged with violation

---

[2] The Court finds this claim suspect, as Defendant admitted to police on April 5, 2013, that he had been using marijuana, and 5 grams of marijuana was found in his bedroom when he was arrested earlier this week.

3

of a protection order (two counts) and harassment. All of these charges were ultimately dismissed. On January 19, 2010, Defendant was charged with possession of marijuana. On April 26, 2010, Defendant failed to appear for a pretrial hearing, and a warrant for his arrest was issued. The warrant expired on April 26, 2013, without Defendant being arrested, and the case was closed on June 13, 2013.

On January 18, 2012, while the marijuana possession charge was pending in Kent County, Washington, Defendant was charged and later convicted in Linn County, Iowa, with possession of drug paraphernalia. On February 21, 2012, while the Washington state marijuana charge remained pending, Defendant was charged and later convicted of possession of a controlled substance. On October 26, 2012, Defendant was given a deferred judgment and 1 year probation. On August 31, 2012, prior to sentencing, Defendant was found in contempt and sentenced to 5 days in jail.[3] On July 11, 2013, a petition for violation of probation was filed against Defendant.[4] On August 20, 2013, Defendant failed to appear for a court hearing, and an arrest warrant was issued. The arrest warrant was returned on the following day. The probation violation petition remains pending in state court.

On September 10, 2013, while on probation, Defendant was charged with possession of a controlled substance and possession of drug paraphernalia. These charges remain pending in state court. These charges are apparently related to the contraband found in Defendant's bedroom at the time of his arrest. At the time of the events surrounding the instant federal offense in April 2013, Defendant had charges pending in

---

[3] The details of the contempt are unknown.

[4] It is alleged that Defendant violated his probation as follows: (1) failure to complete substance abuse treatment, (2) failure to pay probation fees and court costs, and (3) failure to notify his probation officer that he moved or inform her of his new address.

Kent County, Washington, and was on probation for possession of a controlled substance in Iowa.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

5

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with being a prohibited person in possession of a firearm. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(E).

Regarding the second step, the weight of the evidence against Defendant is strong. On April 5, 2013, Defendant was found in his apartment with a bag of marijuana and a handgun. Defendant admitted to law enforcement that the marijuana and gun belonged to him. He stated that the marijuana was for sale and the handgun (which was stolen) was for protection. Defendant was previously convicted of domestic assault and was an unlawful user of marijuana in April 2013.

The Court believes that the combination of drugs and firearms constitutes a danger to the community. Defendant admits that he was a drug dealer in possession of a gun. Defendant was on state probation at the time. Defendant has a history of failing to comply with conditions of supervision. Defendant also has a history of committing other crimes while on pretrial release and probation. Defendant has been convicted of violent crimes in the past, including assault, harassment, and violating a protective order. Defendant has failed to appear for court proceedings on five separate occasions in the past. Defendant lacks a stable residence and has no strong ties to the Cedar Rapids community. Earlier this week, Defendant admitted possessing marijuana, and notwithstanding his denial, it appears that Defendant is an active drug user. The Court has no confidence that Defendant would comply with the terms and conditions it would impose if he were released. Accordingly, there is no condition or combination of conditions that will reasonably assure the safety of the community or Defendant's appearance for court proceedings. Therefore, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore,

pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (September 10, 2013) to the Court's Ruling (September 13, 2013) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 16th day of September, 2013.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA